JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SHAHMEHDI, SEYED and SEYED S. SHAHMEHDI, DMD, P.A.

### DEFENDANTS
NIJHAWAN, VIVEK and PREMIER FAMILY DENTAL, P.C.

(b) County of Residence of First Listed Plaintiff: Passaic
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Passaic
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, Email and Telephone Number)*
Soliman & Associates, P.C. c/o Ahmed M. Soliman, Esq.
923 Haddonfield Road, Ste. 300, Cherry Hill, NJ 08002
856-324-8313

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☒ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1114, 15 U.S.C. § 1125(a)

Brief description of cause:
Using registered trademark of Plaintiffs for same service in same township

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 8/23/16

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. SEYED SHAHMEHDI and SEYED S. SHAHMEHDI, DMD, P.A., <br><br> Plaintiffs, <br><br> v. <br><br> PREMIER FAMILY DENTAL, P.C. and DR. VIVEK NIJHAWAN, <br><br> Defendants. | Civil Action No. _____ <br><br> VERIFIED COMPLAINT <br> (with jury demand) |

COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff Dr. Seyed Shahmehdi and Seyed S. Shahmehdi, DMD, P.A. ("Plaintiffs") for their causes of action against Defendants Premier Family Dental, P.C. and Dr. Vivek Nijhawan ("Defendants") alleges as follows:

INTRODUCTION

1. Plaintiffs bring this lawsuit to protect the substantial good will that they have developed over the past several years in the distinctive dental practice name of Premiere Family Dental Care. Plaintiffs' federally-registered trademark has gained a reputation as being a trusted dental practice in the Clifton, New Jersey area.

2. The good will and reputation for dental care that Plaintiffs have worked so hard to cultivate is being threatened by Defendants' actions. Defendants operate another dental practice located on the same street, and in the same town, as Plaintiffs, and have used and continues to use the name Premier Family Dental Care, which is confusingly similar to

Plaintiffs' business name of Premiere Family Dental, to provide dental care in the same street and town as Plaintiffs. Unless Defendants are enjoined from using the Premier Family Dental name, such use will continue to cause consumer confusion and will cause irreparable harm to Plaintiffs.

3. This action seeks injunctive relief, damages and other appropriate relief arising from Defendants' willful acts of trademark infringement and unfair competition.

## JURISDICTION AND VENUE

4. This is an action for infringement of a federally-registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1141(1)) and for unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

5. This court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising under the Lanham Act.

6. The court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.

7. Defendants' acts of infringement of Plaintiffs' registered mark were committed in the District of New Jersey, within the jurisdiction of this Court. Defendants have advertised their services under the infringing mark in this state and have sold their services under the infringing mark.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391 as the defendants may be found or transacts affairs in this district and the claims alleged arose and are continuing to occur in this district.

## PARTIES

9. Plaintiff Dr. Seyed S. Shahmehdi is an adult individual with an office and place of business at 1114 Clifton Avenue, Clifton, NJ 07013, and is the principle of Seyed S. Shahmehdi, DMD, P.A.

10. Plaintiff Seyed S. Shahmehdi, DMD, P.A. is a corporation organized and existing under the laws of the State of New Jersey, having an office and place of business at 1114 Clifton Avenue, Clifton, NJ 07013.

11. Upon information and belief, Defendants Premier Family Dental, P.C. is a corporation organized and existing under the laws of the State of New Jersey, having an office and place of business at 520 Clifton Avenue, Suite 4, Clifton, NJ 07011.

12. Upon information and believe, Defendant Dr. Vivek Nijhawan is an adult individual with an office and place of business at 520 Clifton Avenue, Suite 4, Clifton, NJ 07011.

## COUNT I
### FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

13. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs, as though fully set forth.

14. As their first grounds for relief, Plaintiffs allege federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

15. Plaintiffs have provided dental services in United States commerce under the Premiere Family Dental Care name since 2003. They have used the Premiere Family Dental Care mark continuously in United States commerce since that time.

16. Notwithstanding Plaintiffs' pre-established use of the PREMIERE FAMILY DENTAL CARE name, in 2012 Defendants adopted and began using the confusingly

similar mark PREMIER FAMILY DENTAL in connection with dental care on the same street, and in the same town, as Plaintiffs.

17. Plaintiff Dr. Seyed S. Shahmehdi is the owner of federal trademark registration 4719498, which was filed on August 4, 2014 and issued on April 14, 2015 on the principal register of the United States Patent and Trademark Office. This registration for the Premiere Family Dental Care mark covers dentist services, particularly fillings, bonding, sealants, exams, whitening, veneers, crowns, dentures, implants, root canal treatment, bridges and TMJ treatments. See Exhibit A attached hereto. This registration has become incontestable under the provisions of 15 U.S.C. § 1065. The trademark is valid and subsisting and its registration has never been cancelled.

18. Plaintiffs' services are offered in Clifton, New Jersey.

19. Plaintiffs have invested substantial time, effort and financial resources promoting the Premiere Family Dental Care trademark in connection with the dental services they offer. The Premiere Family Dental Care mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiffs, their quality dental service and good will.

20. Plaintiffs' Premiere Family Dental Care mark is inherently distinctive as applied to Plaintiffs' dental service in Clifton, NJ.

21. Notwithstanding Plaintiffs' established rights in the trademark PREMIERE FAMILY DENTAL CARE, on information and belief, Defendants use the confusingly similar mark PREMIER FAMILY DENTAL in connection with dental care.

22. Defendants offer dental care services on the same street, and in the same town of Clifton, as Plaintiffs.

23. Without Plaintiffs' consent, Defendants have used the PREMIER FAMILY DENTAL mark in connection with the offering of dental care services.

24. Defendants have engaged in its infringing activity despite having constructive notice of Plaintiffs' federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of Plaintiffs' use of the PREMIERE FAMILY DENTAL CARE mark.

25. Upon information and believe, when Defendants receive phone calls inquiring as to whether it is the same dental practice of Plaintiff Dr. Seyed Shahmehdi, Defendants have falsely stated that it is, and scheduled the patients for service who were seeking the service of Plaintiffs.

26. Defendants' actions have lead the public to conclude, incorrectly, that their services originate with or are authorized by Plaintiffs, which has damaged both Plaintiffs and the public.

27. Upon information and belief, Defendants have advertised and offered its services for sale using the PREMIER FAMILY DENTAL mark with the intention of misleading, deceiving or confusing consumers as to the origin of its goods and of trading on Plaintiffs' reputation and good will.

28. Plaintiffs have requested in writing that Defendants cease and desist from their infringing actions but Defendants have not responded to these requests. Plaintiffs' letter to Defendants is attached as Plaintiffs' Exhibits B.

29. Defendants' unauthorized use of the PREMIER FAMILY DENTAL mark in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused consumer confusion, mistake, or deception.

30. As a direct and proximate result of Defendants' trademark infringement, Plaintiffs have suffered and will continue to suffer loss of income, profits and good will and Defendants have and will continue to unfairly acquire income, profits and good will.

31. Defendants' acts of infringement will cause further irreparable injury to Plaintiffs if Defendants are not restrained by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law.

COUNT II
FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

32. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs, as though fully set forth.

33. As their second ground for relief, Plaintiffs allege federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendants' unauthorized marketing and sale of its services in interstate commerce using the PREMIER FAMILY DENTAL mark and logo constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' services as originating from or connected with Plaintiffs, and constitutes the use of false descriptions or representations in interstate commerce.

35. Defendants' actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

36. As a direct and proximate result of Defendants' unfair competition, Plaintiffs have suffered and will continue to suffer loss of income, profits and good will and Defendants have and will continue to unfairly acquire income, profits and good will.

37. Defendants' acts of unfair competition will cause further irreparable injury to Plaintiffs if Defendants are not restrained by this Court from further violation of Plaintiffs' rights. Plaintiffs have no adequate remedy at law.

## COUNT III
## VIOLATION OF N.J.S.A. 56:8-1 (NEW JERSEY CONSUMER FRAUD ACT)

38. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs as though fully set forth.

39. As its third ground for relief, Plaintiffs allege violation of the New Jersey Consumer Fraud Act.

40. Defendants' actions constitute an unconscionable commercial practice, deception, fraud, false pretense, or misrepresentation with the intent that others rely upon such false practice in connection with the sale and advertisement of dental service, and has thereby caused Plaintiffs damages.

## COUNT IV
## NEW JERSEY COMMON LAW TRADEMARK INFRINGEMENT

41. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs as though fully set forth.

42. As its fourth ground for relief, Plaintiffs allege violation of New Jersey common law trademark infringement.

43. Defendants' actions constitute a trademark infringement under New Jersey common law because Defendants have intentionally used the Premier Family Dental name thereby creating confusion with the protected trademark of Premiere Family Dental Care that Plaintiffs use and own.

## COUNT V
## NEW JERSEY COMMON LAW UNFAIR COMPETITION

44. Plaintiffs re-allege and incorporate by reference the allegations of the preceding paragraphs as though fully set forth.

45. As its fifth ground for relief, Plaintiffs allege violation of New Jersey common law unfair competition.

46. Defendants' unauthorized marketing and sale of its services using the PREMIER FAMILY DENTAL mark and logo constitutes a use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' services as originating from or connected with Plaintiffs, and constitutes the use of false descriptions or representations in interstate commerce.

47. Defendants' actions constitute unfair competition under New Jersey law.

48. As a direct and proximate result of Defendants' unfair competition, Plaintiffs have suffered and will continue to suffer loss of income, profits and good will and Defendants have and will continue to unfairly acquire income, profits and good will.

## REQUEST FOR RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiffs respectfully request that this Court enter an Order granting it the following relief:

a) Entering a judgment that Plaintiffs' PREMIERE FAMILY DENTAL CARE trademark has been and continues to be infringed by Defendants in violation of 15 U.S.C. § 1114(1);

b) Entering a judgment that Defendants' use of the PREMIER FAMILY DENTAL name constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

c) Entering a judgment that Defendants' use of the PREMIER FAMILY DENTAL name violates the New Jersey Consumer Fraud Act ;

d) Entering a judgment that Defendants' use of the PREMIER FAMILY DENTAL name violates New Jersey common law trademark infringement and common law unfair competition laws;

e) Permanently enjoining and restraining the Defendants and each of their agents, employees, officers, attorneys, successors, assigns, affiliates and any persons in privity or active concert or participation with any of them from using the name PREMIER FAMILY DENTAL with or without its accompanying logo, or any other designation alone or in combination with other words or symbols, as a trademark, trade name component or otherwise, to market, advertise, distribute or identify Defendants' products and services where that designation would create a likelihood of confusion, mistake or deception with Plaintiffs' PREMIERE FAMILY DENTAL CARE mark;

f) Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve on Plaintiffs within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

g) Pursuant to 15 U.S.C. § 1118, requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the infringing designation;

h) Pursuant to 15 U.S.C. § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Defendants any trademark registration for

the PREMIER FAMILY DENTAL mark or any combination of words or symbols that would create a likelihood of confusion, mistake or deception with Plaintiffs' mark;

i) Awarding Plaintiffs all damages they sustained as the result of Defendants' acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

j) Awarding to Plaintiffs all profits received by Defendants from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled, after an accounting pursuant to 15 U.S.C. § 1117;

k) Awarding treble actual damages and profits pursuant to 15 U.S.C. § 1117(b) because Defendants' conduct was willful within the meaning of the Lanham Act;

l) Awarding Plaintiff its attorneys' fees and costs pursuant to 15 U.S.C. § 1117, because of the exceptional nature of this case resulting from Defendants' deliberate infringing actions; and

m) Granting Plaintiffs such other and further relief as the Court may deem just.

### DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable.

Dated this 23rd day of August, 2016.

Respectfully submitted,

_/s/ A. Soliman_
Ahmed M. Soliman, Esq.
Soliman & Associates, PC
923 Haddonfield Road, Ste. 300
Cherry Hill, NJ 08002
Tel: (856) 324-8313
Fax: (856) 324-9080
E-mail: *soliman@solimanlegal.com*
Attorney for Plaintiffs

## VERIFICATION

I, Dr. Seyed Shahmehdi, on behalf of myself and Seyed S. Shahmehdi, DMD, P.A., verify under penalty of perjury under the laws of the United States of America that the foregoing factual statements are true and correct.

Executed on August 23, 2016 in Clifton, New Jersey.

_____
Dr. Seyed Shahmehdi